# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

U.S.A. vs. Walter Rogers Harvin            Docket No. 7:03-CR-86-1

**Petition for Action on Supervised Release**

COMES NOW Pamela O. Thornton, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Walter Rogers Harvin, who, upon an earlier plea of guilty to Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 922(g)(1), was sentenced by the Honorable James C. Fox, Senior U.S. District Judge, on April 12, 2004, to the custody of the Bureau of Prisons for a term of 46 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 36 months under the standard conditions adopted by the court and special conditions of warrantless search and drug aftercare.

On March 5, 2008, the releasee's term of supervised release was revoked for using a controlled substance and new criminal conduct. He was sentenced to 6 months in the Bureau of Prisons, followed by an additional term of supervised release for 24 months with the standard conditions of supervision and the following special conditions:

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

3. The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

4. The defendant shall adhere to a curfew from 6:00 pm to 6:00 am, or as directed by the probation officer for a period not to exceed 90 consecutive days. The defendant is restricted to his residence during the curfew hours.

5. While under supervision in the Eastern District of NC, the defendant shall participate in the DROPS Program and, in response to detected illegal drug use, shall be confined in the custody of the Bureau of Prisons for a period not to exceed 30 days of intermittent confinement, as arranged by the probation office, in the following increments: First Use - Two Days; Second Use - Five Days; Third Use - Ten Days.

Walter Rogers Harvin
Docket No. 7:03-CR-86-1
Petition For Action
Page 2

The releasee completed his period of incarceration on August 20, 2008, at which time the term of supervised release commenced.

On February 12, 2009, a Motion for Revocation was filed in the releasee's case apprising the court he had been convicted of Possession of Cocaine with Intent to Sell, Resisting Arrest and Injury to Real Property, on January 8, 2009. He received a sentence of 15 to18 months in the North Carolina Department of Corrections. A warrant was filed as a detainer.

On April 28, 2010, the releasee was before the court for a revocation hearing pursuant to his release from state custody after serving a 15 month sentence in the North Carolina Department of Corrections, for new criminal conduct. The court continued the releasee's term of supervised release.

On June 9, 2011, a Motion for Revocation was filed and a warrant requested, apprising the court the releasee had been charged and arrested for new criminal conduct consisting of Assault with a Deadly Weapon, on May 26, 2011, in New Hanover County District Court, Wilmington, North Carolina, Case Docket No. 11CR55090. The Motion for Revocation also apprised the court the releasee had violated his conditions of supervision by possessing a firearm, criminal association and failure to refrain from excessive use of alcohol.

On March 9, 2011, the State dismissed the charge of Assault with a Deadly Weapon, in New Hanover County District Court, stating evidence was inconclusive and the victim could not be located. The federal detainer was served and the releasee was brought before the court for an Initial Appearance on March 13, 2012, and detained, pending a detention hearing set for March 20, 2012.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

It now appears it would be in the best interest of the court to rescind the pending Motion for Revocation and release the defendant from custody. The State charges were dismissed and the releasee has admitted to violating his conditions of supervision by associating with a known convicted felon and drinking alcohol to excess, the night of the aforementioned incident. He denies he had a firearm or that he shot anyone.

As a sanction for the releasee's criminal association and excessive alcohol use, it is recommended his conditions be modified to include 90 days of home confinement with electronic monitoring and an alcohol abstinence condition.

Walter Rogers Harvin
Docket No. 7:03-CR-86-1
Petition For Action
Page 3

The releasee signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** the pending Motion for Revocation be rescinded, the defendant be released from custody and supervised release be modified as follows:

1. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 90 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.

2. The defendant shall abstain from the use of any alcoholic beverages, shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the consumer is alcoholic beverages, and shall not use any medication containing alcohol without the permission of the probation office or a prescription from a licensed physician.

Except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Pamela O. Thornton
Pamela O. Thornton
Senior U.S. Probation Officer
2 Princess Street, Suite 308
Wilmington, NC 28401-3958
Phone: 910-815-4857
Executed On: March 15, 2012

Walter Rogers Harvin
Docket No. 7:03-CR-86-1
Petition For Action
Page 4

## ORDER OF COURT

Considered and ordered this  15th  day of  March , 2012, and ordered filed and made a part of the records in the above case.

_____
James C. Fox
Senior U.S. District Judge